## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SEAN GEORGE,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER JABARI HORNE,<br>OFFICER PATRICK DEEGAN,<br>OFFICER NICO FLORES,<br>OFFICER TERREAN MOORE,<br>CAPTAIN ANTONIA CLAY,<br>SERGEANT VAL LESTER,<br>POLICE CHIEF ERIKA SHIELDS,<br>and the CITY OF ATLANTA,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:22-cv-02176-SCJ |

### **DEFENDANTS THE CITY OF ATLANTA AND POLICE CHIEF ERIKA SHIELDS' MOTION TO STAY AND BRIEF IN SUPPORT**

COME NOW Defendants the City of Atlanta ("the City") and Police Chief Erika Shields ("Chief Shields") (collectively "these Defendants") and move the Court to stay the proceedings in this case pending adjudication of their pending motions to dismiss, showing this Honorable Court as follows:

1

## INTRODUCTION

Both these Defendants moved to dismiss all Plaintiffs' claims against them. (Docs. 50; 51). A ruling in favor of these Defendants on their respective motions would resolve all claims against them, making discovery unnecessary. Additionally, Chief Shields asserted qualified immunity in her motion. (Docs. 50, 50-1). In order to avoid the potentially unnecessary cost and burden of litigation, these Defendants move that these proceedings, including all discovery, be stayed pending a ruling on their motions to dismiss.

## ARGUMENT AND CITATION OF AUTHORITY

Federal Rule of Civil Procedure 26(d) gives the Court broad discretion to alter the sequence of discovery for the parties' convenience and in the interests of justice. Fed. R. Civ. P. 26(d); see also Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985) (district court has "broad discretion to stay discovery pending decision on a dispositive motion"). Given the facial challenges to Plaintiff's claims these Defendants have raised, the Court should stay all discovery in the interests of efficiency and justice, thereby relieving these Defendants from having to exert any additional resources pending a ruling on their respective pre-answer motions to dismiss. See Patterson v. United States Postal Serv., 901 F.2d 927, 929 (11th Cir. 1990) (trial court properly stayed discovery pending ruling on a dispositive motion);

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins.").

Moreover, one of the grounds for dismissal Chief Shields asserted in her motion was qualified immunity. (Docs. 50, 50-1). Qualified immunity "seeks to protect government officials from the cost of trial and the burdens of broad reaching discovery." Caraballo-Sandoval v. R.E. Honsted, 35 F.3d 521, 524 (11th Cir. 1994) (affirming stay of discovery until district court decided the issue of qualified immunity). The Supreme Court has set forth that the purpose of qualified immunity, and any other applicable immunity defense, is not only protection from civil damages, but also to protect defendants from the rigors of litigation itself, including discovery. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.") (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "[O]ne of the purposes of the Harlow qualified immunity standard is to protect public officials from the 'broad-ranging discovery' that can be 'particularly disruptive of effective government.'" Anderson v. Creighton, 483 U.S. 635, 646 n. 6 (1987) (quoting Harlow, 457 U.S. at

817). The Supreme Court reiterated its adherence to this principle in Ashcroft v. Iqbal, stating that "[t]he basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disrupted discovery.'" 556 U.S. 662, 685 (2009) (quoting Siegert v. Gilly, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)). Forcing the rigors of discovery before this Court can rule on the issue of immunity is wasteful, prejudicial, and otherwise eliminates the benefit of immunity.

On December 8, 2022, the Court entered a scheduling order setting, amongst other things, discovery and summary judgment motions deadlines in this matter. (Doc. 71). The City of Atlanta and Mayor Bottoms have moved to dismiss all claims against them on various grounds. (Docs. 50, 51). An order staying these proceeding will protect these Defendants from the burden of responding to potentially unnecessary discovery should their motions be granted. Even if the Court only grants part of these Defendants' motions to dismiss, it will narrow the focus of the case and establish the proper scope of discovery for any remaining claims. Litigation efficiency does not infringe on any parties' rights. Therefore, these Defendants request that these proceedings be stayed until the Court rules on their pending dispositive motions.

## CONCLUSION

For the reasons set forth above, these Defendants request the Court stay these proceedings until adjudication of their pending dispositive motions.

Respectfully submitted this 8<u>th</u> day of December, 2022.

                                    **HALL BOOTH SMITH, P.C.**

                                    <u>*/s/ Stuart F. Sumner*</u>
                                    R. David Ware
                                    Georgia Bar No. 737756
                                    Phillip E. Friduss
                                    Georgia Bar No. 277220
                                    Stuart F. Sumner
                                    Georgia Bar No. 353355

                                    *Counsel for Defendants City of Atlanta and Police Chief Erika Shields*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel: (404) 954-5000
Fax: (404) 954-5020
dware@hallboothsmith.com
pfriduss@hallboothsmith.com
ssumner@hallboothsmith.com

5

## **LOCAL RULE 7.1D CERTIFICATION**

Pursuant to Local Rule 7.1D for the Northern District of Georgia, the undersigned counsel certifies that the above and foregoing is a computer document prepared in Times New Roman (14 point) font, double spaced, and otherwise in accordance with Local Rule 5.1B and C.

**HALL BOOTH SMITH, P.C.**

*/s/ Stuart F. Sumner*
R. David Ware
Georgia Bar No. 737756
Phillip E. Friduss
Georgia Bar No. 277220
Stuart F. Sumner
Georgia bar No. 353355

*Counsel for Defendants City of Atlanta and Police Chief Erika Shields*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  (404) 954-5000
Fax:  (404) 954-5020
dware@hallboothsmith.com
pfriduss@hallboothsmith.com
ssumner@hallboothsmith.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SEAN GEORGE,<br><br>　　Plaintiff,<br><br>v.<br><br>OFFICER JABARI HORNE,<br>OFFICER PATRICK DEEGAN,<br>OFFICER NICO FLORES,<br>OFFICER TERREAN MOORE,<br>CAPTAIN ANTONIA CLAY,<br>SERGEANT VAL LESTER,<br>POLICE CHIEF ERIKA SHIELDS,<br>and the CITY OF ATLANTA,<br><br>　　Defendants. | CIVIL ACTION FILE<br>NO. 1:22-cv-02176-SCJ |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing **DEFENDANTS THE CITY OF ATLANTA AND POLICE CHIEF ERIKA SHIELDS' MOTION TO STAY AND BRIEF IN SUPPORT** with the Court using the CM/ECF System. Notice of this filing will be sent to the below as indicated on the electronic filing receipt:

7

| | |
|---|---|
| Amith Gupta, Esq.<br>American Trial Law Litigators, LLC<br>925B Peachtree Street NE<br>No. 2151<br>Atlanta, Georgia 30309<br>amithrgupta@gmail.com<br><br>*Counsel for Plaintiff* | Michael R. Boorman, Esq.<br>Erika J. Harris, Esq.<br>Watson Spence LLP<br>999 Peachtree Street, N.E.<br>Suite 1130<br>Atlanta, GA 30309<br>mboorman@watsonspence.com<br>eharris@watsonspence.com<br><br>*Counsel for Defendant Officer Nico Flores* |
| Thomas M. Mitchell, Esq.<br>Carothers & Mitchell, LLC<br>1809 Buford Highway<br>Buford, GA 30518<br>Thomas.mitchell@carmitch.com<br><br>*Counsel for Defendants Officer Jabari Horne, Officer Patrick Deegan, Officer Terrean Moore* | Karen E. Woodward<br>Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP<br>Meridian II, Suite 2000<br>275 Scientific Dr.<br>Peachtree Corners, GA 30092<br>kwoodward@cmlawfirm.com<br><br>*Counsel for Defendants Captain Antonia Clay and Sergeant Val Lester* |

Respectfully submitted this 8th day of December, 2022.

**HALL BOOTH SMITH, P.C.**

*/s/ Stuart F. Sumner*
R. David Ware
Georgia Bar No. 737756
Phillip E. Friduss
Georgia Bar No. 277220
Stuart F. Sumner
Georgia Bar No. 353355

*Counsel for Defendants City of Atlanta and Police Chief Erika Shields*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  (404) 954-5000
Fax:  (404) 954-5020
dware@hallboothsmith.com
pfriduss@hallboothsmith.com
ssumner@hallboothsmith.com