UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

SEAN GEORGE,

    *Plaintiff*

  v.                                         CIVIL ACTION
                                            NO. 1:22-cv-02176-SCJ

JABARI HORNE, ET. AL.

    *Defendants*

## PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF ATLANTA'S MOTION TO STAY DISCOVERY

COMES NOW Plaintiff Mr. Sean George and hereby files this response in opposition to Defendants City of Atlanta and Erika Shields' motion to stay discovery until after the resolution of their filed motions to dismiss.

Defendants' requested motion to stay discovery will cause unnecessary delay and will not achieve any of the policy benefits described in their motion. The Court need not use its discretionary authority to prevent Defendants from participating in discovery.

### BACKGROUND

Plaintiff has brought claims against Defendants City of Atlanta and Erika Shields for violating his constitutional rights through municipal customs and policies and individual supervisory authority that resulted in unconstitutional arrest and deprivation of his First Amendment rights pursuant to a "Curfew Order". This Court entered a Scheduling Order holding that Discovery in this matter would end on April 20, 2023. ECF Dkt. No. 71. Soon after,

Defendants City of Atlanta and Erika Shields filed this motion requesting a stay of discovery until after pending motions to dismiss, which have yet to be fully briefed at the time of this filing.

Defendants argue that circuit case law empowers a district court to stay discovery pending the resolution of dispositive motions and that discovery should be stayed against a government official where that official claims their actions were protected by qualified immunity until the question of qualified immunity is resolved.

Defendants' generalized arguments about staying discovery relies primarily on Chudasama v. Mazda Motor Corp., 123 F.3d 1353 (11th Cir. 1997), which has been significantly narrowed and distinguished. Defendants' other non-QI case law citations simply stand for the proposition that a Court *may* stay discovery pending dispositive motions to dismiss, which Plaintiff does not challenge. By contrast, Chudasama stands for the proposition that, under certain circumstances, denying a such a stay can be an abuse of discretion. But "courts do not follow a *per se* rule and stay discovery in every case where a motion to dismiss is pending." Snell v. Nes Admin. Servs., 2021 U.S Dist. LEXIS 125346 (N.D. Ga. 2021) (citing similar rulings from other Eleventh Circuit district courts); see also Reilly v. Amy's Kitchen, Inc., 2013 U.S. Dist. LEXIS 109035 (S.D. Fla. 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved"); and Leigue v. Everglades Coll., 2022 U.S. Dist. LEXIS 161829 (S.D. Fla. 2022) (collecting cases that reject the premise that Chudasama requires a stay of discovery pending resolution of a dispositive motion).

Instead, the appropriate standard is for the Court to "weight the harm produced by any delay in discovery against the possibility that such discovery would be obviated if the motion to

dismiss is granted". <u>Deverze v. Uber Techs.</u>, 2020 U.S Dist. LEXIS 252126 (N.D. Ga. 2020) (citing <u>Feldman v. Flood</u>, 176 F.R.D. 651, 652 (M.D. Fla. 1997). The harm produced by the delay in discovery is significant in that there are likely relevant documents and tangible things – in particular, video footage of Mr. George's arrest – that are only held by Defendant City of Atlanta and likely not within the possession of other Defendants. Some of these records may significantly affect proceedings and legal strategy against other Defendants generally. Defendants ignore this concern by arguing that staying discovery could "narrow the focus of the case," though they do not explain how, given that discovery will likely involve the same underlying events and issues against all Defendants, who took part in the arrest and did so ostensibly in relationship to the Curfew Order. By contrast, Defendants cite no discernible harm to the City of Atlanta as a municipal corporation which is not entitled to qualified immunity and cite only the concerns associated with qualified immunity as causing harm to Defendant Shields.

Even here, the concern is overblown. Defendant Shields may have been the Chief of Police at the time relevant to the Complaint, but she is no longer Chief of Police for the Atlanta Police Department and indeed does not even work in the State of Georgia or any of its administrative bodies. Any hardship caused to her personally as a result of the normal process of litigation is therefore indistinguishable from the normal course of litigation against any other defendant and is readily distinguishable from the executive officials who were actively performing their various functions at the time that discovery was sought from them in the cases cited by Defendants. Cf. <u>Mitchell v. Forsyth</u>, 472 U.S. 511 (1985) (extensive discovery requests against petitioner who was Attorney General at the time of the requests); <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982) (discovery requests filed against White House aides for then-sitting

president at the time of suit); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (suit filed against active Attorney General); Siegert v. Gilley, 500 U.S. 226 (1991) (suit by employee against active government supervisor). Hence, staying discovery against Defendant Shields would not address the concerns related to QI mentioned by Defendants and there is no apparent reason to stay discovery against her.

Alternatively, even assuming the Court finds that QI-related considerations weigh in favor of staying discovery against Defendant Shields (which, given her retirement from the Atlanta Police Department, they do not), the Court should nonetheless not stay discovery against the City of Atlanta, because the City is not entitled to QI at all. Hence, the only effect of staying discovery would be to delay proceedings unnecessarily while contributing nothing to judicial efficiency.

## CONCLUSION

The Court should deny Defendants' motion to stay discovery. Alternatively, the Court should deny Defendant City of Atlanta's motion to stay discovery and grant the stay only as to Defendant Erika Shields.

Respectfully submitted this 15th day of December, 2022.

/s/ Amith Gupta
Amith Gupta, Esq.
GA Bar No. 149222
American Trial Law Litigators, LLC
925B Peachtree St. NE, #2151
Atlanta, GA 30309
Tel: (408) 355-5782
amithrgupta+law@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above RESPONSE TO DEFENDANTS' MOTION TO STAY DISCOVERY on all parties with the Clerk of Court by using the CM/ECF system.

Dated: December 15, 2022

/s/ Amith Gupta
Amith Gupta, Esq.
GA Bar No. 149222
American Trial Law Litigators, LLC
925B Peachtree St. NE, #2151
Atlanta, GA 30309
Tel: (408) 355-5782
amithrgupta+law@gmail.com